IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIE LEE PARKER,<br><br>              Petitioner,<br><br>vs.<br><br>WILLIAM S. GASPAR, et al.,<br><br>              Respondents.<br>_____ | CV 03-01788-PHX-JAT [CRP]<br><br>REPORT AND RECOMMENDATION |

Willie Lee Parker has filed a Petition For Writ of Habeas Corpus By A Person In State Custody, hereafter "Petition." In the Petition, Parker asserts three grounds for relief, all three based on the assertion of ineffective assistance of counsel. The State opposes the Petition, arguing procedural default and no entitlement to relief on the merits. Petitioner has also filed a request for an evidentiary hearing.

After reviewing the record, the Court determines that there is no basis for holding an evidentiary hearing to expand the evidence presented before the state court. The Court also concludes that petitioner did procedurally default the claims raised in the Petition and those claims lack merit. For these reasons, the Court recommends that the District Judge **DENY** the issuance of the writ.

**1.  STATEMENT OF THE CASE**

On June 6, 1999, a Phoenix Police Officer observed Petitioner pointing a handgun at three individuals. The officer arrested Petitioner and subsequently determined the gun to be loaded. Petitioner was charged with three counts of aggravated assault and one count of

1  misconduct involving weapons. After a trial to a jury, Petitioner was acquitted on all three
2  counts of aggravated assault, but was found guilty on the weapons misconduct count. On
3  November 17, 1999, Petitioner was sentenced to the presumptive term of ten years
4  imprisonment.

5  Petitioner filed a timely notice of appeal. Petitioner's attorney filed an *Anders* brief.
6  Petitioner filed *pro se*, Appellant's Supplemental Opening Brief raising the following issues:
7  1) That the ten year sentence was excessive under the state and federal Constitutions, in
8  that it was based on conduct he had been acquitted of, and a 1985 prior conviction
9  used to enhance a sentence in 1994;
10 2) That A.R.S. § 13-116 is vague and violates the state and federal Constitutions
11 "because the same prior conviction is used more than once to enhance (Petitioner's)
12 sentence." State's Answer, [Exhibit D[1], p.3];
13 3) That the trial court failed to advise Petitioner of his right to confront witnesses and the
14 right to remain silent before accepting Petitioner's admission of the prior conviction;
15 and
16 4) That Petitioner is entitled to be resentenced because the sentence was based on
17 inaccurate information in the presentence report, specifically the mention of conduct
18 Petitioner was acquitted of and prior convictions.

19 Petitioner asked the Court of Appeals to vacate the sentence and remand with
20 instructions to consider only one prior conviction on resentencing.

21 On August 3, 2000, the Arizona Court of Appeals affirmed the conviction and
22 sentence. No request for review or reconsideration was filed.

23 On September 5, 2000, Petitioner filed a Notice of Post-Conviction Relief in Superior
24 Court. [Exhibit F] In the Notice, Petitioner continues to complain that the presentence report
25 did not state that he was acquitted of the aggravated assault charges and that only one prior
26 conviction should have been considered.

---

[1]Reference herein to Exhibits are to the Exhibits attached to Respondent's Answer.

On November 13, 2000, Petitioner filed a Petition for Post-Conviction Relief in Superior Court [Exhibit G & H], complaining for the first time of incompetent assistance of counsel. Petitioner raised two issues. First, that defense counsel failed to request a mitigation hearing after Petitioner was denied his fundamental right to a mitigation hearing. Second, that Petitioner was denied his fundamental right to a mitigation hearing. [Exhibit H]

The Petition was denied on November 2, 2001, the Court finding that counsel was far from ineffective at sentencing and that no basis had been shown for a mitigation hearing. [Exhibit I]

Petitioner filed a Motion For Reconsideration [Exhibit J], raising for the first time that his counsel rendered ineffective assistance by not requesting a Rule 11 hearing, based on his prior diagnosis of paranoid schizophrenia. [Exhibit J, p.2,3] Petitioner also complained of the failure to call character witnesses at the time of sentencing. [Exhibit J, p.3] On January 2, 2002, the motion for reconsideration was denied. [Exhibit K]

On February 15, 2002, Petitioner filed a Petition for Review in the Arizona Court of Appeals. [Exhibit K] Therein, Petitioner raised three issues for review:

1) Was it ineffective assistance of counsel not to present evidence of Petitioner's diagnosis of paranoid schizophrenia at the time of sentencing?
2) Did the sentencing rely on inaccurate information in the presentence report in violation of state statute and "clearly established Federal Law?"
3) Did the trial court fail to consider Petitioner's duress as a mitigating factor at sentencing?

[Exhibit L, p.2-3] Separately, Petitioner filed a Motion To Include Mental Health Records In Record on Appeal. [Exhibit M] On August 15, 2002, the Court of Appeals denied the request to enlarge the record because no reference to a failure to present mental health evidence was made before the trial court. [Exhibit N] On January 8, 2003, the Court of Appeals summarily denied the Petition For Review. [Exhibit O]

On January 27, 2003, Petitioner filed a Petition For Review with the Arizona Supreme Court. Therein, Petitioner again asserted several grounds for resentencing based on the inadequate investigation of his mental health status. On July 10, 2003, the Arizona Supreme

Court denied the Petition For Review.

On September 11, 2003. Petitioner filed his Petition pursuant to 28 U.S.C. § 2254, which is presently before the Court.

## II.  ANALYSIS OF THE CLAIMS

Petitioner asserts three grounds for relief, each claiming inadequate assistance of counsel in violation of the Sixth Amendment because his trial attorney failed to investigate Petitioner's "mental conditions," or properly object to the presentence investigation. Respondent concedes the Petition is timely filed. Respondent argues that Petitioner failed to exhaust his state remedies by raising these issues as specific claims based on federal law before the state court. Additionally, Respondent argues Petitioner is not entitled to relief on the merits of his claim.

### A.  **Exhaustion of State Remedies and Procedural Default**

Petitioner's application for relief from his conviction and sentence have, except for the filing of an *Anders* brief, all been filed *pro se*. Not surprisingly, there is little consistency in the arguments Petitioner raised as he moved from one level of review to another. This complicates the analysis of exhaustion and procedural default.

Petitioner filed a Supplemental Opening Brief on direct appeal. This brief raised four issues, two of which are relevant to the Petition before the Court. On appeal, Petitioner argued that his sentence was based on inaccurate information in the presentence report and that the sentence was excessive, in violation of the state and federal Constitutions. Petitioner did not cite a specific provision of the Constitution of the United States. He did cite two federal cases. *United States v. Watts*, 519 U.S. 148, 117 S. Ct. 633 (1997), and *United States v. Tucker,* 404 U.S. 443 (1972). Citation to these Supreme Court cases put the state court on notice that petitioner was raising federal claims to challenge his sentence. The appeal was denied and the conviction and sentence affirmed in a memorandum decision of the State Court of Appeals, Division One. The mandate issued on September 20, 2000.

Petitioner subsequently filed a Petition For Post-Conviction Relief ("PCR") in State court raising two issues:

1. Defense counsel provided ineffective assistance when he did not request a mitigation hearing after Petitioner asked him to do so; and

2. Petitioner had a right to a mitigation hearing before sentencing.

In the affidavit, filed in support of the Petition, Petitioner raised no federal claims and cited no federal authority.

The PCR was denied by the trial court in a minute entry dated November 2, 2001. [Exhibit I]

On November 19, 2001, Petitioner filed with the trial court a Motion For Reconsideration. [Exhibit J]   Therein, Petitioner cited *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), in support of his ineffective assistance of counsel argument. It is in this motion, filed more than a year after the mandate denying the direct appeal issues, that Petitioner complains for the first time about defense counsel's failure to introduce psychiatric evidence in connection with sentencing. The Motion For Reconsideration was denied without explanation. [Exhibit K]

Petitioner subsequently filed a Petition For Review with the Court of Appeals raising three issues. [Exhibit L]   The allegation that the sentencing judge relied on inaccurate information from the presentence report, an allegation raised in the direct appeal, was raised again. Petitioner argued he was entitled to relief based on clearly established federal law, citing three federal appellate decisions. [Exhibit L, p.8]

Petitioner also raised the failure to present psychiatric evidence, arguing that it was ineffective assistance of counsel to fail to request a mitigation hearing and introduce evidence of Petitioner's psychiatric diagnosis. Petitioner cites several federal cases for the premise that he has a clearly established right under federal law to a mitigation hearing. [Exhibit L. p.5]

Petitioner's third issue was raised for the first time in the Petition For Review. Petitioner argued that the sentencing judge did not appropriately consider the duress he was under as required by A.R.S. § 13-702(D)(3)and(4).  Although this issue appears to be one particular to Arizona's sentencing structure, Petitioner cites several federal cases in support of his argument. [Exhibit L, pp.8-9]

1    Petitioner also filed a Motion To Include Mental Health Records in Records On
2    Appeal. [Exhibit M] That motion was denied initially and on reconsideration because the
3    mental health issue was not presented to the trial court. [Exhibit N]   Subsequently, the
4    Petition For Review was summarily denied by the Court of Appeals. [Exhibit D]

5    A Petition For Review was filed with the State Supreme Court. [Exhibit P]   Once
6    again, Petitioner complained of the inadequate and inaccurate presentence report and the
7    failure of defense counsel to present "mitigating mental health information." Petitioner also
8    complained of the refusal of the state court to consider the mental health information.
9    Finally, Petitioner argued he was entitled to treatment and a sentence reduction because of
10   his mental health issues pursuant to a federal statute that is not specifically cited. Petitioner
11   cites ample federal authority for the ineffective assistance of counsel argument, but he cites
12   no federal authority to support the inadequate presentence report argument. This petition for
13   review was summarily denied by the Arizona Supreme Court. [Exhibit Q]

14   In the Petition before this Court, Petitioner complains of ineffective assistance of
15   counsel in three specific ways:

16   1.   defense counsel's failure to investigate Petitioner's mental condition despite being
17        aware of Petitioner's mental health problems;
18   2.   failing to request a mitigation hearing to present evidence of the mental health
19        problems; and
20   3.   failing to object to the Presentence Report and object to the inaccurate information in
21        it.

22   Petitioner must exhaust state remedies prior to this Court issuing a writ of habeas
23   corpus.  28 U.S.C. 2254(b)(1)(A).  To exhaust state remedies, Petitioner must fairly present
24   the claim to the state courts specifically as a federal claim.  *Duncan v. Henry*, 513 U.S. 364,
25   115 S.Ct. 887 (1995); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir 2005).

26   Petitioner's complaint that his attorney did not investigate and argue his mental health
27   issues in mitigation of his sentence was not raised for the first time until more than a year
28   after the mandate issued denying the direct appeal. Because the issue was first raised in the

1  motion to reconsider the trial court's denial of the PCR, this issue was never appropriately
2  brought before the trial court. As a result, the appellate courts did not consider the mental
3  health issue.

4        The mental health claims were not exhausted before the state court and are now
5  procedurally barred. Petitioner had to file his PCR in state court within thirty days of the
6  mandate on direct appeal,  Here, these issues were not raised until more than a year after the
7  mandate and no excuse for the delay has been asserted. Federal review of these claims is
8  barred. *Teague v. Lane*, 489 U.S. 288, 298 (1989).

9        Petitioner's argument that the presentence report was inadequate and inaccurate was
10 raised on direct appeal, with citation to federal authority, but not as an ineffective assistance
11 of counsel claim. While the two claims may be related, at least in Petitioner's mind at this
12 point, the failure to specifically assert the claim as a Sixth Amendment right to counsel claim
13 means the claim asserted in this Petition was not fairly presented to the state court. *Rose v.*
14 *Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005). Petitioner did not raise this claim at all in
15 his PCR. He did raise the inaccuracy of the presentence investigation again in the Petition
16 For Review with the Arizona Court of Appeals, however, the issue was not presented as an
17 ineffective assistance of counsel claim. Petitioner did not exhaust this issue, and the issue
18 is now procedurally barred before the state courts. Federal habeas relief is not available to
19 Petitioner on the issue of the inadequacy or inaccuracy of the presentence report.

20       While the second issue in this Petition focuses on the potential to introduce mental
21 health testimony at a mitigation hearing, Petitioner does assert that defense counsel's failure
22 to request a mitigation hearing was ineffective assistance of counsel. This issue was raised
23 in the initial PCR, and in subsequent memoranda and petitions before the state courts, the
24 issue was clearly asserted as a claim based on federal law. Petitioner has exhausted state
25 remedies on the issue of whether or not he was deprived of a mitigation hearing in violation
26 of federal right to effective assistance of counsel.

27 . . . . . . . . .

28       **B.**    **Analysis Of The Merits - Federal Entitlement To A Mitigation Hearing**

1    Petitioner claims he received ineffective assistance of counsel at a crucial stage in the
2 proceeding when his attorney did not request a mitigation hearing, pursuant to Rule 26.7,
3 Arizona Rules of Criminal Procedure. Petitioner maintained in state court that he asked his
4 attorney to request a mitigation hearing. [Exhibit H, p.2]   No similar allegation appears in
5 the Petition before this Court.

6    Petitioner has no federal Constitutional right to a mitigation hearing, or even the
7 opportunity to speak in his own behalf at the sentencing. Wright, King & Klein, Federal
8 Practice and Procedure. Criminal 3d § 525. Therefore, this is not such a strategic or
9 fundamental aspect of the proceeding where prejudice will be presumed. The issue is
10 whether Petitioner has shown that his attorney rendered ineffective assistance in connection
11 with sentencing.

12    The starting point for the analysis of Sixth Amendment ineffective assistance of
13 counsel claims is the landmark case of *Strickland v. Washington*, 466 U.S. 668. 104 Sc. Ct.
14 2064. Judicial review of counsel's decisions are to be "highly deferential," and presume that
15 defense counsel's actions "might be considered sound trial strategy." *Strickland*, 466 U.S.
16 at 690, 104 S.Ct. at 2065.

17    Deference must be given to the factual determination made by the state court. 28
18 U.S.C. § 2254(e)(1). The trial court made extensive factual findings in ruling on the PCR.
19 [Exhibit I]   The court noted defense counsel's diligence and zealousness in requesting a
20 super mitigated sentence and the failure of Petitioner to identify any specific character
21 witnesses or hearsay evidence that could have been presented at the mitigation hearing. *Id*.
22 The court noted that an aggravated sentence could easily been imposed based on Petitioner's
23 criminal record, and it is reasonable to assume that defense counsel's efforts convinced Judge
24 D'Angelo not to impose an aggravated sentence. Finally, Judge Atwood specifically found
25 that "there was no basis for requesting a mitigation hearing, and defense counsel was not
26 ineffective for failing to request one." *Id*., p.2.

27    Defense counsel's decision to submit letters instead of subjecting character witnesses
28 to cross-examination by the prosecution is a reasonable strategic judgment. The inaccuracies

- 8 -

1 in the presentence investigation appear to be based on Petitioner's misconceptions. [Exhibit
2 I, p.3]   While the failure to introduce psychological evidence was not presented in the PCR
3 or analyzed by Judge Atwood, this also appears to be a reasonable strategic decision.  There
4 is no reason to believe that presentation of Petitioner's serious mental health problems,
5 combined with a lengthy criminal history would have lead to a mitigated sentence.  No court
6 has imposed an obligation on defense attorneys to investigate mental health issues in the
7 sentencing phase of a non-capital case.  *Lambert v. Blodgett*, 393, F.3d 943, 983 (9th Cir.
8 2004).

9      Here, the record is clear that defense counsel acted reasonably and diligently, and that
10 no prejudice to Petitioner has been shown to be caused by any of his attorney's strategic
11 decisions.  Petitioner has failed to satisfy either prong of the *Strickland* test.  The application
12 for the writ should be denied

13      **C.**    **Request For Evidentiary Hearing**

14      Petitioner requests an evidentiary hearing, but shows no cause why he did not specify
15 available character witnesses or hearsay evidence to the trial court when prosecuting the
16 PCR.  The minute entry of Judge Jarrett [Exhibit I] makes clear that the Petitioner's interests
17 were vigorously represented at sentencing.  There is certainly no showing that he suffered
18 actual prejudice.  Therefore, Petitioner is not entitled to an evidentiary hearing before this
19 Court.  Nor has it been shown a fundamental miscarriage of justice will occur if an
20 evidentiary hearing is not held.  The request for the hearing should be denied.  *Keeney v.*
21 *Tamayo-Reyo*, 504 U.S. 1, 11-12, 112 S.Ct. 1715, 1721 (1992), 28 U.S.C. § 2254(e)(2).

22 **III.**    **CONCLUSION**

23      It is the Report and Recommendation of this Court that the District Judge, after his
24 independent review, find and order as follows:

25 1.    That Petitioner has failed to exhaust his state remedies on the first and third issues
26       presented in the Petition and that portion of the second issue related to the
27       introduction of mental health evidence;

28 2.    That further pursuit of those issues in state court would be futile because they are

1  procedurally barred by state procedural rules;

2  3. That Petitioner has failed to establish that his attorney's performance at sentencing,
3  in failing to request a mitigation hearing, fell below objective standards of a
4  reasonable attorney such that he was deprived of a fair proceeding;

5  4. That there is no basis for an evidentiary hearing to be conducted by this Court because
6  Petitioner has failed to show cause for the failure to more fully develop the factual
7  record below and there is no actual prejudice resulting from that failure; and

8  5. That the Petition For Writ of Habeas Corpus is denied.

9  For these reasons, it is the recommendation of the Magistrate Judge that the District
10 Judge, after his independent review, issuing an order:

11  1. **DENYING** the Petition For Writ of Habeas Corpus [Docket 1];
12  2. **DENYING** the Motion For Evidentiary Hearing [Docket 23]; and
13  3. **DENYING** the Motion For Status of Case As Moot [Docket 24].

14  Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten (10) days from the date of
15 this Report and Recommendation to file written objections to these findings and
16 recommendations with the District Court. Any objections filed should be filed as CV 03-
17 01788-PHX-JAT.

18  **DATED this 31st day of August, 2005.**

19
20
21
22
23  _____
    **CHARLES R. PYLE**
24  UNITED STATES MAGISTRATE JUDGE

25 JAT
   CRP
26 Willie Lee Parker *[Pro Se]*  (No. 33960(T-T-8)/AZ State Prison-Tucson-Echo Unit, PO Box 24402,
                                Tucson, AZ 85734)
27 Kerri L. Chamberlin, Esq.  *[U.S. Attorney's Office]*

28