**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Lee Parker, | No. CV 03-1788-PHX-JAT |
| Petitioner, | **ORDER** |
| vs. | |
| William S. Gaspar; et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition") file pursuant to 28 U.S.C. § 2254. On August 31, 2005, the Magistrate Judge issued a Report and Recommendation (Doc. #25) ("R&R) recommending that the Petition be denied. In the R&R, the Magistrate Judge also recommended that Petitioner's Motion for Evidentiary Hearing (Doc. #23) be denied. Petitioner filed objections to the R&R on September 22, 2005.

**REVIEW OF R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because objections were filed, the Court will review the R&R *de novo*.

**DISCUSSION**

As set forth in more detail in the R&R, a jury in Arizona state court convicted Petitioner of weapons misconduct. The state Judge sentenced Petitioner to ten years imprisonment (neither aggravating, nor mitigating, Petitioner's sentence). Petitioner appealed to the Arizona Court of Appeals, filed for post-conviction relief, moved for reconsideration of the denial of post-conviction relief, filed a Petition for Review of the denial of post-conviction relief with the Arizona Court of Appeals, and filed a Petition for Review of the denial of post-conviction relief with the Arizona Supreme Court.

In the Petition pending before this Court, Petitioner raises three claims:

1. Ineffective assistance of counsel based on defense counsel's failure to investigate Petitioner's mental condition despite being aware of the condition;
2. Ineffective assistance of counsel based on defense counsel's failure to request a mitigation hearing (to present evidence of the mental health problems); and
3. Ineffective assistance of counsel based on defense counsel's failure to object to the presentence report and failure to object to inaccurate information in the presentence report.

**CLAIMS ONE AND THREE**

In the R&R, the Magistrate Judge concluded that claims 1 and 3 had not been exhausted before the Arizona courts, and were now procedurally defaulted because the time to exhaust has expired. Before this Court may consider the merits of an application for habeas relief, a state prisoner must "exhaust" in state court the claims raised in the petition. *See Coleman v. Thompson*, 501 U.S. 722, 729-30; 735 n.1 (1991); *Castille v. Peoples*, 489 U.S. 346, 349-50 (1989). To properly exhaust his claims in the state courts, the petitioner must afford the state the opportunity to rule upon the merits of each federal constitutional claim by "fairly presenting" the claim to the state's highest court in a procedurally correct manner. *Castille*, 489 U.S. at 351.

Because the exhaustion requirement refers only to remedies still available to the petitioner at the time he or she files an action for federal habeas relief, it is also satisfied if

the habeas petitioner is procedurally barred from pursuing his or her claim in the state courts. 28 U.S.C. § 2254(c); *Castille*, 489 U.S. at 351; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Thus, if the habeas petitioner's claims are now procedurally barred under state law, the claim is exhausted by virtue of the petitioner's procedural default of the claim. Procedural default occurs when a petitioner has never presented a claim in state court and is now barred from doing so by state court procedural rules. *Castille*, 489 U.S. at 351-52.

As long as the state's procedural bar provides an independent and adequate state-law basis for upholding the petitioner's conviction and sentence, the federal courts may not, generally, review a procedurally defaulted claim in a petition for federal habeas relief unless the petitioner can demonstrate *cause* for their failure to follow reasonable state procedures and *prejudice* arising from their procedural default of the claim. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (emphasis added).[1]

In this case, Petitioner's first claim is that his counsel was ineffective for failing to investigate Petitioner's mental health issues, and, as a result, he also failed to argue any mental health issues in mitigation of Petitioner's sentence. All of these issues involving Petitioner's alleged mental health issues were raised for the first time in Petitioner's Motion for Reconsideration of the trial court's denial of Petitioner's petition for post-conviction relief. *See* Respondent's Answer at Exhibit J. The trial court denied reconsideration without considering the merits of any mental health issue, which was newly raised in the motion for reconsideration. *See* Respondent's Answer at Exhibit K. Recognizing the he had not put the mental health issue into the record in a procedurally proper manner before the trial court, Petitioner moved to include his mental health records in the record on appeal of the trial court's denial of the petition for post-conviction relief. *See* Respondent's Answer at Exhibit M. The Court of Appeals denied this motion on the basis that the mental health issue was

---

[1] Review is also appropriate if the petitioner demonstrates that habeas review is necessary to prevent a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A fundamental miscarriage of justice occurs only when a Constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.*

- 3 -

1 not properly presented to the trial court. *See* Respondent's Answer at Exhibit N. The Court of Appeals then denied the Petition for Review of the denial of the petition for post-conviction relief. *See* Respondent's Answer at Exhibit O.

Based on this state court record, the Magistrate Judge concluded that Petitioner's claim of ineffective assistance of counsel for failing to investigate and argue the mental health issues was never properly presented to the state courts in a procedurally correct manner, and that those claims are now procedurally barred because the time to present them has expired. *See Castille*, 489 U.S. at 351-52. Additionally, the Magistrate Judge found that Petitioner had offered "no excuse for the delay" in filing this claim until the motion for reconsideration, which was filed more than a year after the mandate issued affirming Petitioner's direct appeal. Under Arizona law, these claims had to be presented within thirty days of the mandate issuing from the direct appeal. *See* Ariz.R.Crim.Pro. 32.4. Accordingly, the Magistrate Judge found that these claims were not properly presented, procedurally barred, and that Petitioner had not shown cause and prejudice for his failure to exhaust, and concluded that the federal court was now precluded from considering the merits of the ineffective assistance of counsel based on mental health issues.

Petitioner objects to this conclusion arguing that Rule 32.9(a) of the Arizona Rules of Criminal Procedure allows for a petitioner to move for rehearing of the denial of a petition for post-conviction relief; therefore, anything included in that motion for rehearing should be deemed "properly presented" as if it had been presented in the original petition for post-conviction relief. Objections at 4. Arizona Rule of Criminal Procedure 32.9 requires the party moving for rehearing to set forth, "in detail the grounds wherein it is believed the court erred." Specifically, the Arizona court has stated that

> Rule 32.9(a) provides that in a motion for rehearing, an aggrieved party must 'set forth in detail the grounds wherein it is believed the court erred.' That was not done in this case. The purpose of a motion for rehearing under rule 32.9 is to give the trial court an opportunity to correct any errors it may have made in the ruling on the petition for post-conviction relief.

*State v. McFord*, 609 P.2d 1077, 1080 (Ariz. Ct. App. 1980).

1    Thus, this Court disagrees with Petitioner's contention that because a motion for
2 rehearing is allowed, such motion allows the petition for post-conviction relief to be
3 expanded to include any additional evidence of claims that the Petitioner may choose to
4 submit. Allowing such an expansion would go well beyond pointing out in detail where the
5 trial court erred in its previous ruling, because there would be claims and evidence that the
6 trial court never considered.[2]  Accordingly, the Court overrules Petitioner's objection in
7 which he argues that claims presented in the form of a motion for rehearing are properly
8 presented procedurally. Thus, the Court accepts and adopts the Magistrate Judge's
9 recommendation that this Court find this claim barred from consideration on the merits in this
10 habeas petition.

11    Petitioner's claim 3 is that his counsel was ineffective for failing to object to the
12 presentence report and failing to object to inaccurate information in the presentence report.
13 The alleged inadequacies of the presentence report were raised on direct appeal. However,
14 they were not raised in the form of an ineffective assistance of counsel claim. Therefore, the
15 Magistrate Judge concluded that this theory of ineffective assistance of counsel was never
16 properly presented to the state courts; and, at this point in time, it is now procedurally barred
17 from being exhausted. *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (holding
18 that a claim must be asserted in the form of a Sixth Amendment right to counsel claim).

19    Petitioner objects to this conclusion arguing that he filed his petition for post-
20 conviction relief alleging ineffective assistance of counsel, and that his claim of ineffective
21 assistance of counsel encompasses all theories of ineffective assistance of counsel.
22 Objections at 2-3. In order to meet § 2254's exhaustion requirement, a petitioner must fairly
23 present the substance of his habeas corpus claim to the state courts. A claim is "fairly
24 presented" if petitioner describes the operative facts and legal theories on which he or she
25 bases the claim. *Picard v. Conner*, 404 U.S. 270, 277-8 (1971). By only referring to the

---

[2] It would appear that the Arizona Court of Appeals agreed with this conclusion in this case because they declined to considered the mental health issues on appeal because they were not presented to the trial court.

1 ineffectiveness of counsel without providing the specific operative facts of this theory, Petitioner did not present the substance of his ineffective assistance of counsel claim to the state courts, and therefore did not exhaust the claim. Therefore, Petitioner's objection that his ineffective assistance of counsel claim encompassed all theories of ineffective assistance of counsel is overruled. The Court accepts and adopts the conclusion of the R&R that this claim was not properly presented to the state courts and is now procedurally barred from exhaustion. The Court further finds that Petitioner has failed to show cause and prejudice to excuse his failure to exhaust; accordingly, this claim will not be considered on the merits in this habeas proceeding.[3]

### CLAIM TWO

Petitioner's second claim is ineffective assistance of counsel for his counsel's failure to request a mitigation hearing and to present evidence at such hearing. Petitioner raised this claim in his initial post-conviction relief petition; therefore, this claim has been exhausted before the state courts.

Citing *Wright & Miller*, Criminal 3d § 525, the Magistrate Judge concluded that Petitioner does not have a constitutional right to speak at his sentencing or for a mitigation hearing. While this may be a generally true statement of law, it is not the law in the Ninth Circuit. *See Boardman v. Estelle*, 957 F.2d 1523, 1525 (9th Cir. 1992) (dealing, on habeas, with the issue of whether a defendant has a constitutional right to speak at his sentencing). Accordingly, this Court rejects the Magistrate Judge's conclusion that there is no constitutional right to allocution at sentencing.

---

[3] The Court notes that Petitioner's second claim, failure to request a mitigation hearing, is somewhat tied to his third claim. Specifically, in state court, Petitioner alleged that counsel was ineffective for failing to request a mitigation hearing, partly on the theory that at the mitigation hearing, errors in the presentence report could have been corrected. Thus, while the ineffective assistance of counsel claim for failing to correct the alleged errors in the presentence report was never exhausted before the state courts, to the extent it was part of the failure to request a mitigation hearing claim, it was exhausted. *See* Respondent's Answer, Exhibit H. Accordingly, it will be addressed as part of claim two.

- 6 -

1  Before this Court can grant relief, however, this Court must determine whether Petitioner was denied effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland* and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In this case, the state court held a hearing on Petitioner's ineffective assistance of counsel claim and found, "there was no basis for requesting a mitigation hearing, and defense counsel was not ineffective for failing to request one." Respondent's Answer, Exhibit I, pg. 2. Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

Based on this finding of the state court, to which Petitioner has not rebutted the presumption of correctness, this Court cannot conclude that counsel's conduct was outside the wide range of professionally competent assistance. Additionally, this Court agrees with the state court that, given Petitioner's criminal history, the fact that Petitioner did not receive an aggravated sentence is evidence that counsel was competent.

Petitioner objects to any conclusion that counsel was competent even though counsel did not request a mitigation hearing arguing again that his mental health issues should have been shown in a mitigation hearing and that counsel was aware of the mental health issues. As the Court has already addressed, Petitioner's ineffective assistance of counsel claim

- 7 -

1 premised on the failure to investigate and argue mental health issues was not properly
2 presented to the state court and, therefore, not exhausted.  Accordingly, Petitioner's
3 objections based on counsel's failure to request a mitigation hearing to present mental health
4 issues is overruled.  Thus, this Court finds that, on the merits, Petitioner has failed to show
5 that relief based on ineffective assistance of counsel due to counsel's failure to request a
6 mitigation hearing on mental health issues is warranted.

7 In his habeas petition, Petitioner did not address his ineffective assistance of counsel
8 for failing to correct errors in the presentence report theory as a prong of why counsel was
9 ineffective for failing to request a mitigation hearing.  However, he presented the claim in
10 this fashion in the state court, and the state court considered this claim as part of the
11 ineffective assistance of counsel for failing to request a mitigation hearing claim.  *See*
12 Respondent's answer at Exhibit I.

13 As discussed above, the Magistrate Judge concluded that ineffective assistance of
14 counsel for failing to correct alleged errors to the presentence report was not exhausted
15 before the state courts, and this Court agrees with that conclusion.  The Magistrate Judge did
16 not address this claim in terms of an alternative reason for why counsel was ineffective in
17 failing to request a mitigation hearing.  Presumably the Magistrate Judge did not address the
18 claim in this fashion because Petitioner did not frame this claim in this fashion in his habeas
19 petition. However, Petitioner did raise ineffective assistance of counsel for failing to request
20 a mitigation hearing and also raised ineffective assistance of counsel for failing to correct
21 alleged errors to the presentence report, which the state court considered on the merits in the
22 context of the post-conviction relief petition for alleged ineffective assistance of counsel for
23 failing to request a mitigation hearing. On this record, the Court finds that such presentation
24 of ineffective assistance of counsel for alleged failure to correct errors in the presentence
25 report was sufficient presentation to the state court to qualify as exhausted as a hybrid of
26 claims 2 and 3.

27 As discussed above, this Court must presume that the state court's factual findings
28 were correct unless the Petitioner rebuts this presumption.  In this case, Petitioner has failed

- 8 -

1 to show that the state court was incorrect in concluding that counsel was not ineffective for
2 not requesting a mitigation hearing. Specifically, on the issue of alleged incorrectness of the
3 presentence report, the state court found that there was no need for the presentence report to
4 advise the sentencing judge that Petitioner was acquitted on 3 counts based on self-defense
5 because the sentencing judge was the trial judge, so he was aware of this fact. *See*
6 Respondent's Answer at Exhibit I. Additionally, the state judge found that Petitioner had not
7 provided any specific facts or evidence regarding what errors were present in the presentence
8 report or how a mitigation hearing would have "rebutted" those errors. Therefore, the state
9 judge concluded that counsel had no basis for requesting a mitigation hearing and, thus, was
10 not ineffective for not requesting one.

11 This Court agrees with the conclusion of the state court. On this record, Petitioner
12 still fails to allege any specific fact showing specific errors in the presentence report, or how
13 those errors would have been corrected by a mitigation hearing. Therefore, Petitioner has
14 failed to rebut the presumption of correctness of the state court's factual finding.

15 Additionally, Petition has failed to meet the *Strickland* standard on this claim as well.
16 Specifically, Petitioner has made no showing of prejudice (that, but for counsel's
17 unprofessional errors, the result of the proceeding would have been different). Petitioner has
18 failed to offer any facts or evidence that a mitigation hearing would have affected his
19 sentence. In this case, Petitioner did not receive an aggravated sentence (though the
20 prosecution and the state judge who considered the post-conviction relief petition thought an
21 aggravated sentence would have been appropriate based on Petitioner's criminal history).
22 Thus, even if Petitioner could point to some error in the presentence report (which he has not
23 done), such error was not used to his detriment because his sentence was not aggravated
24 based on anything in the presentence report. Additionally, it is undisputed that defense
25 counsel filed a sentencing memorandum seeking a super-mitigated sentence and offering
26 justifications for a super-mitigated sentence, so the sentencing judge also had this
27 information available regardless of the content of the presentence report. Therefore,
28 Petitioner has failed to make any showing of prejudice based on "errors" in the presentence

1  report; and this theory of ineffective assistance of counsel also does not form the basis for
2  habeas relief in this case.

3  **EVIDENTIARY HEARING**

4  In his objections, Petitioner re-urges his request for an evidentiary hearing. In order
5  to qualify for an evidentiary hearing, Petitioner must both: "(1) allege facts which, if proven,
6  would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a
7  state court, either at the time of the trial or in a collateral proceeding." *Belmontes v. Brown*,
8  414 F.3d 1094, 1124 (9th Cir. 2005). No hearing is necessary, however, if this Court "is able
9  to determine without a hearing that the allegations are without credibility or that the
10 allegations if true would not warrant a new trial . . . ." *United States v. Navarro-Garcia*, 926
11 F.2d 818, 822 (9th Cir. 1991); *see also Siripongs v. Calderon*, 35 F.3d 1308, 1312 (9th Cir.
12 1994) ("In a capital case, a habeas petitioner who asserts a *colorable claim to relief*, and who
13 has never been given the opportunity to develop a factual record on that claim, is entitled to
14 an evidentiary hearing in federal court." (emphasis added)).

15 In his objections on this point, Petitioner continues to argue that counsel's failure to
16 investigate and present evidence on Petitioner's mental health issues was ineffective
17 assistance of counsel. For the reasons set forth above, the Court will not reach the merits of
18 the ineffective assistance of counsel claims based on mental health issues because those
19 claims were not exhausted before the state courts and Petitioner has not shown cause and
20 prejudice for his failure to exhaust. Therefore, though the objections do not make clear what
21 evidence Petitioner seeks to present at an evidentiary hearing, the objections do make clear
22 that any evidence would be on the mental health issue. Because the Court will not reach the
23 merits of that issue, the Court need not conduct an evidentiary hearing because Petitioner has
24 not alleged facts which, if true, would entitle him to relief.

25 Moreover, Petitioner was given the opportunity in state court to brief the issue of
26 ineffective assistance of counsel, and Petitioner chose not to raise any of the mental health
27 issues until he filed his motion for rehearing. Therefore, Petitioner also cannot show that
28 he did not receive a full and fair hearing in state court. As a result, Petitioner has not shown

1 that an evidentiary hearing is required in this case and Petitioner's motion for an evidentiary 2 hearing will be denied.

**CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that to the extent the objections to the R&R (filed September 22, 2005) seek an extension of time to file such objections, that request is granted to the extent that the objections received on September 22, 2005 are deemed to be timely;

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. #23) is denied;

**IT IS FURTHER ORDERED** that the objections (filed September 22, 2005) are overruled, and the Report and Recommendation (Doc. #25) is accepted and adopted (except to the extent rejected above); the Petition for Writ of Habeas Corpus is denied; and the Clerk of the Court shall enter judgment accordingly;

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status (Doc. #24) and Motion for Order Disposing of Case (Doc. #27) are denied as moot.

DATED this 28th day of September, 2005.

James A. Teilborg
United States District Judge