UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE LEE PARKER,<br><br>    Petitioner - Appellant,<br><br>v.<br><br>WILLIAM S. GASPAR, et al.,<br><br>    Respondents - Appellees. | No. 05-17232<br>D.C. No. CV-03-01788-JAT/CRP<br><br><br>**JUDGMENT** |

    Appeal from the United States District Court for the District of Arizona (Phoenix).

    This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

    On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.


Filed and entered 07/26/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 18 2006

by  
Deputy Clerk



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**JUL 26 2006**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE LEE PARKER, | No. 05-17232 |
| Petitioner - Appellant, | D.C. No. CV-03-01788-JAT/CRP |
| v. | |
| WILLIAM S. GASPAR; ARIZONA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted July 24, 2006 **

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

Arizona state prisoner Willie Lee Parker appeals *pro se* from the district court's judgment dismissing his habeas petition under 28 U.S.C. § 2254 for procedural default and on the merits. Parker was convicted of misconduct

---

   *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

   **   The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

involving weapons and received a ten-year sentence. We review *de novo* a district court's conclusions regarding procedural default. *Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir. 2003). We also review *de novo* a district court's denial of habeas relief. *Beardslee v. Woodford*, 358 F.3d 560, 568 (9th Cir. 2004). We affirm.

Parker first contends that his trial counsel was ineffective for failing to investigate his mental health background. The state-court record reflects that the first and only time Parker presented this claim to the Arizona courts was in a petition for review to the Arizona Supreme Court. Thus, he did not properly exhaust it. *See Casey v. Moore*, 386 F.3d 896, 916-18 (9th Cir. 2004) (holding that a state prisoner had not exhausted his claims by presenting them for the first and only time in a petition for discretionary review with the state's highest court); *accord Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Parker also contends that trial counsel was ineffective for failing to object to the presentence report. The state-court record reflects, however, that Parker never presented both the factual and legal bases of this claim to the Arizona courts. Accordingly, this claim is also unexhausted. *See Kelly v. Small*, 315 F.3d 1063, 1068 & n.2 (9th Cir. 2003) (requiring exhaustion in state court of the factual bases of each distinct ineffective-assistance claim).

2

The Arizona courts would find these claims procedurally barred if Parker were to try and exhaust them now. *See* Ariz. R. Crim. P. 32.2(a)(3). The district court therefore correctly concluded that both of them were procedurally defaulted. *See Stewart v. Smith*, 536 U.S. 856, 861 (2002) (per curiam); *Beaty v. Stewart*, 303 F.3d 975, 987 & n.5 (9th Cir. 2002). Moreover, Parker has not shown cause to excuse the procedural default of either of these claims. *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (*pro se* status is not cause).

Finally, Parker contends that trial counsel was ineffective for failing to request a mitigation hearing. The district court properly rejected this claim on the merits. The Arizona courts specifically found that defense counsel made an "impassioned plea" on Parker's behalf at sentencing, and as a result the sentencing judge imposed a presumptive sentence rather than an aggravated one. Parker has not shown how introducing any other information at a formal mitigation hearing might have persuaded the judge to impose a lesser sentence. Accordingly, we reject his claim of ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984); *Young v. Runnels*, 435 F.3d 1038, 1043-44 (9th Cir. 2006) (rejecting a claim of ineffective assistance because the petitioner could not show prejudice, without regard to any alleged deficient performance).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 18 2006

by Deputy Clerk